BANKS, Justice,
dissenting:
¶ 35. The majority holds that the subpoena duces tecum and the search warrant issued in this case request information to which the State is not entitled. It is therefore puzzling to me why the decision of the lower court is not affirmed. The State would always be free to request an appropriately limited subpoena or warrant. For these reasons, I respectfully dissent.
¶36. I agree that where the State has reason to believe that a medical care provider has not fulfilled its statutory duty to report certain injuries, the public policy evinced by Miss.Code Ann. § 45-9-31 (1993) permits the State to seek limited disclosure of redacted medical records. The State may then use these records to determine whether injuries went unreported which were nevertheless likely to have been caused by gunshots, knives or weapons similar to knives. The majority’s reversal of the lower court’s quashal of the subpoena and the search warrant is curious, however, in light of the fact that both of these documents seek the identifying information that the majority determines may not be disclosed. Under the majority’s own construction of § 45-9-31, both documents are overbroad; yet it holds that the lower court erred by quashing them. In other words, the majority effectively holds that the lower court erred by following the law.[3]
¶ 37. The specific issue before this Court is whether the subpoena and the search warrant are overbroad in that they seek privileged information. The subpoena requests unredaeted medical records; the search warrant requests names and addresses of patients. Both documents thus seek information which the majority expressly holds should be withheld until it is determined that a wound was likely caused by a knife or similar weapon. Accordingly, the lower court’s quashal of the subpoena and the search warrant should be affirmed.
McRAE, J., joins this opinion.

. The majority opinion states that "[t]he lower court erred by quashing the subpoena duces te-cum and the search warrant, though the circuit judge acted in strict and technical accordance with then existing law, for which he is commended."